Lallande vs. Trezevant et als.

No. 1189.

JOHN B. LALLANDE VS. MRS. JULIA TREZEVANT AND HUSBAND, AND·
G. W. MONTGOMERY.

In an action for damages on an injunction and a forthcoming bond, appellee cannot urge in dismissal of appeal, that elem· nts of damages cla med on either of the bonds should be eliminated as fictitious because no recovery could be had under such bond. Such an argument is a begging of the very question, as it can only be adjudicated on a consideration of the merits.

The principal and the security on an injunction bond and on a forthcoming bond, by means of which the principal arrested the sale and obtained the possessio and enjoyed the use of working animals seized by a party, will be held in solido for the depreciation in value of said animals as a result of bad treatment while in the possession of the principal on such bonds.

APPEAL from the Eighth District Court, Parish of Madison. *Delony,* J.

*Stone & Murphy* for Plaintiff and Appellant.

*E. C. Montgomery and A. L. Slack* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff claims damages in the sum of $2,531.58 against Mrs. Trezevant, as principal, and G. W. Montgomery, as security, on an injunction bond and on a forthcoming bond, by means of which Mrs. Trezevant had arrested the sale and obtained the temporary possession of some twenty mules, which had been seized at the instance of plaintiff as the property of d fendant's husband, as appears from a case entitled Trezevant vs. Sheriff et als., reported in 38 Ann. p. 147. In the decision of that case this court dissolved the injunction taken out by Mrs. Trezevant and reserved the rights of Lallande to claim the damages occasioned to him by said injunction. The ground of the motion to dismiss is want of jurisdiction *rationæ materiæ,* for the reason that the elements of damages set up by plaintiff are, in the main, fictitious, and intended manifestly to create an appellate interest which does not in reality exist.

Appellees' principal argument is the alleged admission of plaintiff in his petition that the mules had been returned to the sheriff after the rendition of our judgment, and the admission resulting therefrom that the purposes or the forthcoming bond had been fulfilled and exhaused, and that therefore no action could be maintained on that bond now defunct. Hence her counsel contend that the demand must be restricted to the bond of injunction, which was only $1,475. They also contend that as our judgment condemned Mrs. Trezevant to the costs of his

injunction, the demand by plaintiff of the sum of $577.18 for costs incurred in the injunction, and for the subsequent sale of the mules, cannot be entertained, as in that case Mrs. Trezevant could be twice condemned to pay the same costs.

The position is absolutely untenable, and the serious argument which counsel for appellees have been driven to in order to support the contention that no claim could be made out on the forthcoming bond is very conclusive proof that the claim predicated thereon is not absolutely fictitious, and.that it forms an important element in plaintiff's real demand.

While it is true that our judgment has condemned Mrs. Trezevant to pay costs in her injunction suit, it is equally true that the surety is not included in the judgment, and that a portion of the costs presently claimed by plaintiff have been incurred since the dissolution of the injunction and partake of the nature of damages resulting therefrom. It also appears that in a supplementary petition, which appellees' counsel have apparently lost sight of, plaintiff corrected his previous allegation in which he had acknowledged that two of the mules had died of a natural death, and that the eighteen others had been turned over to the sheriff and by him sold under the original writ. In his supplementary petition, plaintiff charges that the two missing mules had not died, but that they had been illegally retained by Mrs. Trezevant, who was responsible therefor, together with her surety on the forthcoming bond. It therefore follows that the damages claimed by plaintiff, even if not justified under the law and the facts of the case, are at least not so fictitious as to affect our jurisdiction, which is made apparent on the face of the pleadings.

The motion to dismiss this appeal is therefore dismissed.

### On the Merits.

Plaintiff's main demand is predicated on the difference between the value of the mules when they were first seized, which is alleged to be $3,000, and the price which they brought at the sale,which was $1,276.75, and he appeals from a judgment which allowed him only $200. Our examination of the evidence has satisfied us that during the possession of Mrs. Trezevant, the mules were overworked and badly treated to such an extent that when delivered to the sheriff and sold they were too thin and too weak for serious work. Hence it follows that animals which she herself had appraised at the value of $2,200, brought only $1,276.75, at the sale. We therefore hold that on the score of that element of damages plaintiff is entitled to recover $500.

Now, assuming as suggested by counsel, that the sum of $200 allow-
·ed by the District Court was for attorneys' fees, on which we are in
accord with him, we find evidence in the record sufficient to entitle
him, under the law, to recover the following additional sums :

| | |
|---|---:|
| For costs of transcript in injunction suit.................... | $85 00 |
| For costs paid to witnesses in injuction suit.................. | 168 32 |
| For costs of Clerk of Supreme Court in injunction suit........ | 19 80 |
| For costs of printing briefs in injunction suit................ | 40 00 |
| For cost of sale of 18 mules................................... | 156 38 |
| Total..................... .......................... | $469 50 |

Adding this to the sum allowed by the District Court, and to the
sum of $500 hereinabove allowed by us, we foot up the amount of
·damages which plaintiff should recover at $1,169.50. In thus conclud-
ing, we liquidate in precise figures the amount of costs to which Mrs.
Trezevant had been condemned in our decree in the injunction suit.
And it must be understood as making part of our present decree that
these items include all the costs which can be taxed against Mrs.
Trezevant as resulting or flowing from her injunction suit.

·· It is therefore ordered, adjudged and decreed that the judgment of
the District Court be amended by increasing the amount therein al-
lowed to plaintiff from two hundred dollars to eleven hundred and
sixty-nine dollars and fifty cents, and that, as thus amended, said judg-
ment be affirmed at the costs of appellees in both courts.

Mr. Justice Todd dissents from the decree on the Motion to Dismiss,
·and takes no part on the Merits.

### DISSENTING OPINION.

TODD, J. The defendant, Mrs. Trezevant, enjoined the sale of
twenty mules, seized under executory process, together with a planta-
tion, as the property of her husband, George T. Trezevant, claiming to
be the owner of the same.

During the pendency of the injunction suit, she was permitted to
take possesion of the mules and retain the same until the final decision
of the cause. Her injunction was dissolved by a decree of this court.
After this decree eighteen of the mules were delivered to the sheriff
and by him sold.

The present suit was then brought by the plaintiff against Mrs.
Trezevant and G. W. Montgomery, the surety on her injunction bond,
to recover the damages caused by the injunction—the bond being for
the amount of $1475.

The damages set forth in the petition were:

1. For the difference in the value of the mules when seized and the amount for which they sold after the injunction was dissolved.

2. For the costs of the injunction suit and those incurred in the sale of the mules after the dissolution of the injunction.

3. The attorneys' fee in the injunction suit.

These damages are set forth in the petition as amount ing to $2,531. The appellees in the motion to dismiss charge that the claims are largely fictitious, and only asserted to give jurisdiction t his court; that, for instance, the large sum claimed for costs and so ut to be recovered as damages, were covered by the judgments which dissolved the injunction wherein Mrs. Trezevant was condemned to pay these costs, and that there could not be a separate suit and a second judgment for this same charge.

As confirmatory of this view, and of the proposition embraced in the motion to dismiss and urged by the appellees' counsel, we need only refer to the brief of the plaintiff and appellant's counsel, in which he sums up his actual demands, and all that he now claims he should have judgment for, thus:

The plaintiff had judgment in the lower court for $200. In addition thereto his counsel claims $873.25, the loss on the mules, certain items of costs stated, the whole amounting, according to his calculation, to $1,502.75, which is the total amount he claims to be entitled to, and for which only he asks that judgment shall be rendered.

This statement plainly shows to my satisfaction that this court has no jurisdiction of the cause, even as to Mrs. Trezevant, the principal cn the injunction bond, but the want of jurisdiction of this court as to the demand against the surety, Montgomery, is still more conspicuous. The full amount of the bond is $1475, and for all damages caused by the injunction the full limit of his liability is that amount, the amount of his obligation. Beyond that he cannot be held under the law. On the delivery bond on the face of the petition he cannot be held except for the value of two mules not delivered, $220. Add this to $1475, making $1725. So that to this sum there is an absolute limit to his liability. Certainly all beyond that can only be held as purely fictitious.

For these reasons I dissent from the opinion to dismiss, and thus dissenting take no part on the merits.